**LEGAL AID SOCIETY OF HAWAII,**
**et al., Plaintiffs,**

v.

**LEGAL SERVICES CORPORATION,**
**Defendant.**

**No. 97–00032 ACK.**

United States District Court,
D. Hawaii.

April 9, 1997.

Paul Alston, Bradford L. Tannen, Alston, Hunt, Floyd & Ing, Stanley E. Levin, Davis, Levin, Livingston, Grande, Honolulu, HI, Stephen V. Bomse, Charles N. Freiberg, Adam M. Cole, Rakesh K. Anand, Robert A. Rosenfeld, Heller, Ehrman, White & McAuliffe, San Francisco, CA, Hope L. Hudson, Heller, Ehrman, White & McAuliffe, Palo Alto, CA, Steven R. Shapiro, Robin L. Dahlberg, Amer. Civil Liberties Union, New York, NY, Margaret C. Crosby, Amer. Civil Liberties Union, San Francisco, CA, for Plaintiffs.

Daniel A. Bent, Carlsmith, Ball, Wichman, Murray, Case, Mukai & Ichiki, Honolulu, HI, Thomas S. Williamson, Jr., Georgia Kazakis, Ernest young, Erika F. King, Covington & Burling, Washington, DC, Legal Services Corp.

Michael Chun, U.S. Attys. Office, Honolulu, HI, Jeffrey S. Markowitz, Dept. of Justice, Washington, DC, for U.S.

### *ORDER TO SHOW CAUSE WHETHER 62 FED. REG. 12101 MOOTS THE RECONSIDERATION MOTION*

KAY, Chief Judge.

#### *FACTUAL BACKGROUND*

On February 14, 1997, the Court issued a 42 page order enjoining the LSC from enforcing the following restrictions, but only to the extent that they related to the use of Non–LSC Funds:

---

(1) advocating or opposing any reapportionment of a legislative, judicial or elective district on any level; 1996 Budget Act § 504(a)(1)

(2) influencing the "issuance, amendment, or revocation of any executive order"; 1996 Budget Section 504(a)(2)

(3) "attempt[ing] to influence any part of any adjudicatory proceeding of any Federal, State, or local agency," 1996 Budget § 504(a)(3)

(4) attempting "to influence the passage or defeat of any legislation, constitutional amendment, referendum, initiative ... of the Congress or a State or a local legislative body" 1996 Budget Act(a)(4)

(5) litigating or lobbying in an effort to reform the federal or state welfare laws or systems, 1996 Budget § 504(a)(16)

(6) "conduct[ing] a training program for the purpose of advocating a particular public policy or encouraging a political activity", 1996 Budget § 504(a)(12)

(7) "participating in any litigation on behalf of a person incarcerated in a Federal, State, or local prison", 1996 Budget Act § 504(a)(15)

(8) representing people allegedly engaged in certain illegal drug activity in public housing eviction proceedings, 1996 Budget Act § 504(a)(16)

(9) "participat[ing] in any litigation with respect to abortion", 1996 Budget Act § 504(a)(14). and regulations implementing these provisions that restrict plaintiffs' use of funds obtained from sources other than LSC.

On March 3, 1997, Plaintiffs filed a motion for reconsideration arguing that the Court should have also enjoined the LSC regulations which prohibited: (1) the initiation or participation in any class action; and (2) the collection of attorney's fees in any action. On March 14, 1997, LSC filed an opposition to which the Plaintiffs filed a reply on March 25, 1997.

## DISCUSSION

Federal courts can only decide "Cases" or "Controversies." *See* U.S. Const., art. III, s 2. This requirement has been distilled into the doctrine of justiciability. *See e.g. Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2204, 45 L.Ed.2d 343 (1975). A tenet of justiciability, the mootness doctrine, requires that a controversy exist throughout the duration of the lawsuit. With legal questions, one Court described the mootness doctrine as requiring that "[a]t every stage in the proceedings, the court must 'stop, look, and listen' to determine the impact of changes in the law on the case before it." *The Naturist Society, Inc. v. Fillyaw*, 958 F.2d 1515, 1520 (11th Cir.1992).

In their opposition, the LSC attached as Appendix A, 62 Fed.Reg. 12101 effective March 13, 1997, which amended 45 C.F.R. § 1610 entitled the "Use of Non–LSC funds." [1] This amendment allows an organization found to be interrelated with an organization that receives LSC funds to engage in restricted activities if it meets less stringent criteria of separation than previously required. *See* 45 C.F.R. § 1610.8(b). This amendment may be highly pertinent because the Court based its injunction on the previous interrelated organizations regulation embodied in 50 Fed.Reg. 49279. *See* Order, pg. 29 ("In light of the expansive "inter-relatedness" definition, an organization that receives 1% of funding from the LSC is practically prevented from engaging in any of the prohibited activities. This smacks of an unconstitutional condition.").

In addition, courts have recognized that "newly promulgated regulations immediately applicable" can moot "what once was a viable case." *Sannon v. United States*, 631 F.2d 1247, 1250 (5th Cir.1980) ("That newly promulgated regulations immediately applicable to litigants in a given case can have the effect of mooting what once was a viable case is without doubt."); *see also Natural Resources Defense Council, Inc. v. United States Nuclear Regulatory Commission*, 680 F.2d 810, 814 (D.C.Cir.1982) ("Corrective action by an agency is one type of subsequent develop-

---

**1.** These newly adopted regulations appear to closely adhere to the regulations approved by the Supreme Court in *Rust v. Sullivan*, 500 U.S. 173, 111 S.Ct. 1759, 114 L.Ed.2d 233 (1991).

ment that can moot a previously justiciable issue.").

Nevertheless, in its reconsideration motion, Plaintiffs seek to invalidate the two further restrictions based on the partially superseded regulations. To even reach the merits, the Court is concerned might be akin to issuing an advisory opinion on the constitutionality of a regulation that is no longer applicable. The Court also notes that the initial injunction may no longer be appropriate because the new regulations may have cured the constitutional defects which led to its issuance.

The Court, therefore, *sua sponte* [2] raises the possible jurisdictional defect of mootness and hereby ISSUES an Order to Show Cause Whether 62 Fed.Reg. 12101 moots the reconsideration motion. The parties should also address whether its injunction issued on February 14, 1997 should be vacated. The Plaintiffs shall have until April 22, 1997 in which to file a brief on this issue. The LSC will then have until April 29, 1997 to file an opposition. If they choose to, the Plaintiffs may file a reply by May 3, 1997.

IT IS SO ORDERED.

---

2. "Because mootness is an element of justiciability and raises a question as to our jurisdiction", courts may raise it *sua sponte*. *Aguirre v. S.S.* *Sohio Intrepid,* 801 F.2d 1185, 1189 (9th Cir. 1986).